IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STATE OF TENNESSEE v. DAVID WAYNE HEARING**

**Appeal from the Criminal Court for Greene County**
**No. 05CR193     Thomas J. Wright, Judge**

———————————————

**No. E2016-00566-CCA-R3-CD**

———————————————

The pro se appellant, David Wayne Hearing, appeals as of right from the Greene County Criminal Court's order denying his motion for correction of clerical mistake. Tenn. R. Crim. P. 36. The State has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Following our review, we conclude that the State's motion is well-taken and affirm the judgment of the Greene County Criminal Court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

David Wayne Hearing, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Dan E. Armstrong, District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

This court has detailed previously the procedural history of the appellant's challenges to his first degree murder convictions:

The Appellant pleaded guilty to two counts of first degree murder and pursuant to a plea agreement, was sentenced to serve a life sentence of incarceration. Less than thirty days after accepting a guilty plea, the

Appellant filed a motion to withdraw his guilty plea. The trial court interpreted this motion as a petition for post-conviction relief, and denied the motion. This court reversed and remanded for the trial court to view the motion as a motion to withdraw a guilty plea. *David Wayne Hearing v. State,* No. E2006-00362-CCA-R3-PC, 2006 WL 3813625, at *1 (Tenn. Crim. App. December 28, 2006). Following a hearing, the trial court denied the Appellant's motion to withdraw his guilty plea, and this court affirmed the trial court's decision. *David Wayne Hearing v. State,* No. E2007-00778-CCA-R3-PC, 2008 WL 481781, at *1 (Tenn. Crim. App. February 22, 2008), *perm. app. denied* (Tenn. June 23, 2008).

Next, the Appellant filed a petition for post-conviction relief, which the trial court denied. This court affirmed the trial court's denial of the Appellant's petition for post-conviction relief. *David Wayne Hearing v. State,* No. E2009-02430-CCA-R3-PC, 2010 WL 3837535, at *1 (Tenn. Crim. App. October 4, 2010), *perm. app. denied* (Tenn. March 9, 2011).

Thereafter, the Appellant filed a petition for a writ of error coram nobis. The trial court denied this petition and the Appellant appealed. Before this court issued its opinion affirming the denial of error coram nobis relief,[1] the Appellant filed a motion to correct an illegal sentence under Rule 36.1 (first Rule 36.1 motion). The trial court appointed counsel, and the State filed a response arguing "that the trial court should dismiss the motion without a hearing because the issue had been previously raised and determined and because the appellant's judgments of conviction showed that he pled guilty to two counts of first degree murder and received life sentences." Thereafter, the trial court dismissed the Appellant's motion finding that the motion failed to state a colorable claim. On appeal, this court affirmed the dismissal. *State v. David Wayne Hearing,* No. E2014-01908-CCA-R3-CD, 2015 WL 2128600, at *1 (Tenn. Crim. App. May 6, 2015).

On September 29, 2014, nineteen days after the trial court denied the Appellant's first Rule 36.1 motion and seven days after counsel for Appellant filed the notice of appeal in the Appellant's first Rule 36.1 case, the Appellant filed pro se a second Rule 36.1 motion. On January 9, 2015, the trial court summarily dismissed the Appellant's motion finding the motion was "a rehash of the same issue about release eligibility that has been litigated in this Court before." The Appellant filed his notice of appeal on January 23, 2015.

*State v. Hearing*, No. E2015-00173-CCA-R3-CD, 2015 WL 4710393, at *1-2 (Tenn. Crim. App. Aug. 7, 2015), *perm. app. denied* (Dec. 10, 2015). On appeal, this court affirmed the trial court's summary dismissal of the appellant's second Rule 36.1 motion, concluding that

> The Appellant in his second Rule 36.1 motion argues that his sentence was illegal because he bargained for life with possibility of parole but was sentenced to life. That is the same argument he made in the first Rule 36.1 motion. That argument has no more merit now than it did when his first Rule 36.1 motion was denied by the trial court and the trial court's decision was affirmed on appeal by this court.

*Id*. at *2.

On December 28, 2015, the appellant filed a motion to correct clerical mistake pursuant to Tennessee Rule of Criminal Procedure 36, alleging once more that his judgments for first degree murder were erroneous because they did not indicate that he was sentenced to life "with the possibility of parole."[1] On February 3, 2016, the trial court summarily denied the motion, noting the "continued rehash" of this issue and ruling that there is no such thing as a sentence of life with the possibility of parole, that the original trial judge had misspoken when referring to the life sentence as one "with the possibility of parole," and that any further attempt to correct or modify the judgments was without merit. The appellant filed a timely notice of appeal.

On appeal, the defendant asserts that the trial court explained at his guilty plea submission hearing that the life sentence was one "with the possibility of parole" and that the judgments should so reflect. The State asserts that the trial court correctly denied the motion to correct clerical mistake because there is no clerical mistake in the judgments. As stated previously by this court

> The Appellant in [this Rule 36] motion argues that his sentence was illegal because he bargained for life with possibility of parole but was sentenced to life. That is the same argument he made in the first Rule 36.1 motion. That argument has no more merit now than it did when his first Rule 36.1 motion was denied by the trial court and the trial court's decision was affirmed on appeal by this court.

*Id*.

---

[1] The appellant has filed a motion to supplement the record with the motion to correct clerical mistake that is missing from the technical record. Because it is apparent from the appellant's brief that he is attempting to relitigate the issue concerning the life sentences, we conclude that supplementation is unnecessary under these circumstances.

Accordingly, we affirm the judgment of the Greene County Criminal Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. The pro se appellant's motion to supplement the record is DENIED.

_____

NORMA MCGEE OGLE, JUDGE